**US DISTRICT COURT**
**Eastern District of Texas**

**CRAIG CUNNINGHAM, an**
**Individual,**

   **Plaintiff,**

**vs.**

**Telemarketers from 401-252-5229 and other numbers**
**and John/Jane Does 1-5**
   **Defendant.**

             /

**Case Number:** 4:23CV216 SDJ/can

**FILED**

MAR 1 7 2023

Clerk, U.S. District Court
Eastern District of Texas

**Plaintiff's Original Complaint**

1. The Plaintiff in this case is Craig Cunningham, a natural person and can be served documents at the address of the undersigned below.

2. Telemarketers from 401-252-5229, 615-453-1864, 954-226-3817, and 213-320-1386 and a variety of other numbers represent a currently unknown defendant or defendants that should be identifiable through the subpoena process to phone carriers that transmitted the calls.

3. John/Jane Does 1-5 are liable parties that should be identifiable through discovery. These parties used multiple different numbers and entities to call the Plaintiff's cell phones over the years and the Plaintiff is working on determining the true identities of these parties through discovery.

**Jurisdiction**

4. Jurisdiction of this court arises as the acts happened and the contract was breached in this county.

## FACTUAL ALLEGATIONS

6.   The Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone ending in 1977 from 2020-2022 Some of the calls included death threats and were deliberately harassing calls intended to target the Plaintiff in retaliation for his consumer advocacy and in an attempt to harass and intimdate the Plaintiff into dropping lawsuits which he has filed.

7.   The Plaintiff did not solicit anyone to call his cell phone and by suing the parties who are now retaliating, they had clear advance knowledge that the Plaintiff did not want to recieve harassing and unwanted robocalls. The Plaintiff definitely doesn't want to recieve death threats. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system.

8.  These phone calls violated the TCPA in two ways, first by having a pre-recorded message that failed to have the mandated identification information such as the name of the calling entity, maintaining a written do not call policy, training agents on the do not call policy, identification of sellers and telemarketers, which violate 47 USC 227(c)(5) under the FCC's rule making authority in 47 CFR 64.1200(d) which entitles the Plaintiff to $1500 per call and second by the automated nature of them and by containing pre-recorded messages that were directed to the Plaintiff's cell phone, which violates 47 USC 227(b) and additionally entitles the Plaintiff to an award of $1500 per call. In total, each call entitles the Plaintiff to recover $3,000 per call.

**CAUSES OF ACTION:**

**COUNT I**

**Violations of the Telephone Consumer Protection Act (TCPA)**

9.   Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

10.  The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name, address, and phone number of the entity placing the phone calls. These actions violate 47 USC 227(b) and entitle the Plaintiff to $1500 per call in damages as these were willful actions.

**CAUSES OF ACTION:**

**COUNT II**

**Violations of the Telephone Consumer Protection Act (TCPA)**

11.  Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

12.  The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell

phone. These phone calls also violated the TCPA by having an pre-recorded message. These calls also violated 47 USC 227(c)(5)

## CAUSES OF ACTION:

### COUNT III

**Violations of Texas law 302.101**

13.  Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.


14.  The foregoing actions by the Defendants constitute multiple breaches of the Texas law by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone without being registered with the Texas Secretary of State as a telemarketer.

### 15. CAUSES OF ACTION:

### COUNT IV

**Violations of Texas law 305.053**

16.  Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.


17.  The foregoing actions by the Defendants constitute multiple breaches of the Texas law by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone, which also violate Texas state law.

## PRAYER FOR DAMAGES AND RELIEFS

A.   WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that

judgment be entered against each and every defendant for the following:

B.   Statutory damages of $3000 for each phone call for violations of Federal law

C.   Statutory damages of $6500 per call for violations of Texas state law

D.   Actual damages as determined by a judge/jury

E.   Pre-judgment interest from the date of the phone calls.

F.   Punitive damages for all claims in the amount of $500,000

G.   Attorney's fees for bringing this action; and

H.   Costs of bringing this action; and

I.    For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

/s

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

3000 Custer road, ste 270-206 Plano, Tx 75075